# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2007

Charles R. Fulbruge III
Clerk

No. 06-30168

WALTER RICHARD HOUSE, JR.

                    Plaintiffs - Counter-Defendants - Appellees

v.

AMERICAN UNITED LIFE INSURANCE COMPANY

                    Defendant - Appellant - Cross-Appellee

Appeal from the United States District Court for
the Eastern District of Louisiana, New Orleans

## ON SUGGESTION FOR REHEARING
## AND REHEARING EN BANC

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.

In his petition, House contends, among other things, that we erred when we concluded that the benefits American United Life Insurance Co. was required to pay him for his partial disability terminated in February 2002 when the policy was terminated. See House v. Am. United Life Ins. Co., ___ F.3d ___, 2007 WL 2473310, at *9 (5th Cir. Sept. 4, 2007). House argues that we should have examined his claim under LA. STAT. § 22:215(A)(1)(d), which covers group health insurance policies specifically, instead of examining his claim under § 22:213(B)(7), which covers insurance policies generally. The result is the same, however, under either section because the termination of the insurance policy did not prejudice any benefits House had accrued under the policy. Compare LA. STAT. § 22:215(A)(1)(d) (noting that the "modification, amendment, or cancellation" of a group health insurance policy "shall be without prejudice to any claim for benefits accrued" and noting that benefits accrued "shall be as defined and limited by the terms of the policy") with § 22:213(B)(7) (noting that the "cancellation" of the policy "shall be without prejudice to any claim for benefits accrued" and noting that benefits accrued "shall be as defined and limited by the terms of the policy"). The only benefit House accrued under the policy was the right to receive payment for his partial disability until the policy was terminated. Thus, once the policy was terminated in February 2002, by the policy's terms, House was no longer entitled to payment for his partial disability. Accordingly, the termination of the policy did not prejudice any benefit House had accrued.

DENNIS, Circuit Judge, dissenting from the denial of panel rehearing:

I respectfully dissent from the refusal to rehear this case for the reasons assigned in my dissenting opinion.